**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROZINA JONES-WILLIAMS, ) | |
| ) | |
| Debtor/Appellant, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00035-JAR |
| ) | |
| KATHY A. SURRATT-STATES, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| and ) | |
| ) | |
| CHAPTER 13 TRUSTEE ) | |
| DIANA S. DAUGHERTY, ) | |
| ) | |
| Trustee. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Trustee Diana S. Daugherty's Motion to Dismiss or Remand Appeal Due to Lack of Ripeness. (Doc. 8.) Debtor/Appellant Rozina Jones-Williams has not responded and the time to do so has passed. E.D. Mo. L.R. 4.01(B).

### Background

On July 23, 2019, Jones-Williams filed a Voluntary Petition for Chapter 13 Bankruptcy. (*In re Rozina Jones Williams*, No. 19-44555 (Bankr. E.D. Mo.) [hereinafter *Jones Williams*], Doc. 1.) On September 3, 2019, the Bankruptcy Court dismissed the case for failure to make planned payments. (*Jones Williams*, Doc. 24.) On September 12, 2019, Jones-Williams moved to reinstate her case, and on October 1, 2019, she moved to convert her Chapter 13 case to a Chapter 7 case. (*Jones Williams*, Docs. 28, 30.) The Bankruptcy Court denied both motions two days later. (*Jones Williams*, Doc. 34.)

1

On October 15, 2019, Jones-Williams filed a "Motion for Rehearing of the Motion to Reinstate Chapter 13." (*Jones Williams*, Doc. 38.) Jones-Williams filed her Notice of Appeal, initiating the case in this Court two days after that, on October 17, 2019. (Doc. 1.) Trustee argues that this Court lacks jurisdiction because Jones-Williams's notice of appeal was filed before the Bankruptcy Court had entered a final appealable judgment. (Doc. 9.) She moves this Court to dismiss the appeal or else remand it to the Bankruptcy Court to allow it to consider Jones-Williams's motion to reconsider. (*Id.*)

## Discussion

Bankruptcy courts construe motions to reconsider as motions to alter or amend judgment under Fed. R. Civ. P. 59(e) or motions for relief from judgment under Fed. R. Civ. P. 60. *Sanders v. Clemco Industries*, 862 F.2d 161, 168 n.3 (8th Cir. 1988); *see also In re Barger*, 219 B.R. 238, 244 (8th Cir. BAP)), Fed. R. Bankr. P. 9023, 9024. Notices of appeal from a bankruptcy judgment are not effective until the Bankruptcy Court enters an order disposing of the last post-trial motion. Fed. R. Bankr. R. 8002(b)(2). Notices of appeal filed before the Bankruptcy Court enters its final order should be dismissed or remanded for lack of jurisdiction. *See In re Design Classics, Inc.*, 788 F.2d 1384, 1387 (8th Cir. 1986) (holding that the district court did not abuse its discretion when it denied the debtor's motion to reconsider the district court's dismissal of the debtor's appeal because it lacked jurisdiction while a motion to reconsider was still pending in the bankruptcy court).

The Court concludes that it does not have jurisdiction over Jones-Williams's notice of appeal because there is no final appealable judgment from which she could appeal. Until the Bankruptcy Court rules on the pending motion to reconsider, there is no judgment which this Court

can review on appeal. The Court therefore lacks appellate jurisdiction and the case must be remanded to the Bankruptcy Court. *In re Design Classics*, 788 F.2d at 1387.

The Court notes that Trustee expresses a desire for a hearing in the Bankruptcy Court on Jones-Williams's motion to reconsider. (Doc. 8 at 5.) This Court will leave to the Bankruptcy Court's sound discretion any decision regarding how to resolve that motion accordingly.

Accordingly,

**IT IS HEREBY ORDERED** that Trustee Diana S. Daugherty's Motion to Dismiss or Remand Appeal Due to Lack of Ripeness (Doc. 8), is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Bankruptcy Court for the Eastern District of Missouri.

**IT IS FINALLY ORDERED** that all pending motions in this case are **DENIED as moot.**

Dated this 18th day of May, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE